FILED

2015 DEC 10. PM 3:56

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS METZ

    Plaintiff(s)

v.

Case No. 3:15-cv-1469-J-39PDB

ACCOUNTS RECEIVABLE
RESOURCES, INC. a/k/a
AR RESOURCES, INC.
and
FAMILY CARE PARTNERS OF
NORTHEAST FLORIDA, LLC
a/k/a FAMILY CARE PARTNERS

    Defendant(s).

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

THOMAS METZ ("Mr. Metz" or "Plaintiff") sues ACCOUNTS RECEIVABLE RESOURCES, INC. ("AR RESOURCES") and FAMILY CARE PARTNERS OF NORTHEAST FLORIDA, LLC ("FCPNF") (Collectively "Defendants"), and states:

### I. INTRODUCTION

1.    This is an action for actual and statutory damages brought by Plaintiff, an individual consumer, against AR RESOURCES for its violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692a-1692g (hereinafter referred to as "FDCPA"), which, inter alia, prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices, and against AR RESOURCES and FCPNF for their violations of the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 (hereinafter referred to as "FCCPA").

1

## II. PARTIES

2. Plaintiff is a natural person residing in Duval County, FL. At all times material, Plaintiff resided in Duval County, Florida. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

3. AR RESOURCES is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and is registered with the Florida Office of Financial Regulation as a debt collector. Its principal place of business is located at 1777 Sentry Parkway West, Merion Towle Bldg, Suite 101, Blue Bell, PA 19422. AR RESOURCES' principal business is the collection of third party debts.

4. FCPNF is a "person" subject to liability for non-compliance with FCCPA Section 559.72. Its principal address is 6484 Fort Caroline Road, Jacksonville, FL 32277-2042.

## III. JURISDICTION AND VENUE

5. Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this district is proper in that the alleged violation by Defendants took place in Jacksonville, Duval County, FL.

## IV. FACTUAL ALLEGATIONS

6. On June 3, 2015 (the "Petition Date"), Plaintiff filed a petition for relief under Title 11 Chapter 13 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") in Case No. 3:15-bk-2535-JAF (the "Bankruptcy Case").

7. Plaintiff filed his Bankruptcy Case in an effort to obtain, among other relief contemplated by the Bankruptcy Code, (i) protection under 11 U.S.C. § 362 to prevent harassing debt collectors from contacting him in collection efforts; (ii) from the Bankruptcy Court an order of discharge pursuant to 11 U.S.C. § 1328; and (iii) a financial "fresh start".

8. As required by the Bankruptcy Code, Plaintiff filed his schedules, lists, and statements in his Bankruptcy Case. Included in the Schedule F of unsecured creditors was:

AR Resources Inc for Family Care Partners
1777 Sentry Pkwy W
Blue Bell, PA 19422

9. Also included in the Schedule F of unsecured creditors was:

Family Care Partners
6484 Ft. Caroline Road
Jacksonville, FL 32277

10. The relevant page from Plaintiff's Schedule F is attached as Exhibit 1.

11. On June 7, 2015, AR RESOURCES, received notice of the Bankruptcy Case and the meeting of creditors. *See* Certificate of Notice, Doc. No. 8, page 1 of 4, attached as Exhibit 2. The bankruptcy notice was mailed to AR Resources as its principal address in Blue Bell, Pennsylvania.

12. On June 7, 2015, FCPNF, received electronic notice of the Bankruptcy Case and the meeting of creditors. *See* Exhibit 2. As FCPNF had elected to receive electronic notices from the bankruptcy noticing center, the bankruptcy notice was delivered to the e-mail address provided by FCPNF: mgreco@familycarepartners.com.

13. On or about June 7, 2015, the Defendants also received a copy of Plaintiff's Chapter 13 Plan.

14. On October 13, 2015, over four (4) months after receiving actual notice of Plaintiff's bankruptcy, AR RESOURCES mailed a collection notice to Plaintiff in an attempt to collect a pre-petition debt. A copy of the AR RESOURCES Collection Notice is attached as Exhibit 3.

15. AR RESOURCES indicated that FCPNF had referred the account to AR

3

RESOURCES for collection. *See* Exhibit 3. This statement was either false or indicates that FCPNF took action in violation of the automatic stay by referring the debt out for collection.

16. AR RESOURCES threatened "further collection activity".

17. "To avoid further collection activity", AR RESOURCES required Plaintiff to immediately pay the alleged debt "in full."

18. AR RESOURCES also threatened to negatively report the account on Plaintiff's credit report.

19. AR RESOURCES also stated "[t]his is an attempt to collect a debt."

20. AR RESOURCES did not qualify any of these statements by explaining to Plaintiff that he should ignore the notice if the Plaintiff was the subject of a pending bankruptcy.

21. On October 26, 2015, nearly five (5) months after receiving actual notice of the Plaintiff's bankruptcy, FCPNF mailed a collection notice to Plaintiff in an attempt to collect a pre-petition debt. A copy of the FCPNF Collection Notice is attached as Exhibit 4.

22. The FCPNF Collection Notice indicated a "Total Account Balance" of $1,262.63.

23. The FCPNF Collection Notice requested immediate payment of $17.63.

24. The backside of the FCPNF Collection Notice threatened to refer the account to a debt collector if Plaintiff failed to pay promptly.

## V. CLAIMS FOR RELIEF

## COUNT I – FDCPA VIOLATIONS – AR RESOURCES

25. In order to establish a cause of action under the FDCPA, Plaintiff must prove that: (1) Plaintiff is a consumer; (2) the debt at issue is a consumer debt; (3) Defendant is a debt collector; and (4) Defendant violated the FDCPA. These four elements are met as follows:

i. Plaintiff is a natural person and therefore meets the FDCPA definition of

      "consumer." 15 U.S.C. § 1692a(3).

   ii. The debt at issue stems from medical services, which qualifies the debt as a consumer debt under the FDCPA. 15 U.S.C. § 1692a(5).

  iii. AR RESOURCES admits it is a debt collector by virtue of its registration and the statements contained in its collection notice. Furthermore, AR RESOURCES meets the definition of debt collector under the FDCPA as it regularly collects or attempts to collect debt owed or asserted to be owed to another. 15 U.S.C. § 1692a(6).

  iv. The violations of the FDCPA are outlined below.

26. While Plaintiff asserts multiple violations of the FDCPA, a single violation of any FDCPA provision is sufficient to establish liability. *See* 15 U.S.C. § 1692k; *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993). A debt collector that violates any provision of the FDCPA is liable for (1) actual damages, (2) statutory damages up to $1,000 per Plaintiff, and (3) costs and attorney fees associated with the bringing of a successful action to enforce the provisions of the FDCPA.

27. "Most courts, including the Eleventh Circuit, have treated the FDCPA as a strict liability statute, such that no evidence of intent to mislead or deceive is necessary." *Milton v. LTD Fin. Servs*, 2011 U.S. Dist. LEXIS 7426 (S.D. Ga. 2011) (citing *Owen v. I.C. System, Inc.*, 629 F.3d 1263 (11th Cir. 2011). Thus, Plaintiff need not allege malicious intent to establish liability.

28. AR RESOURCES violated the FDCPA. Its violations include, but are not limited to, the following:

   a. AR RESOURCES threatened to take action that could not legally be

taken, thereby violating 15 U.S.C. § 1692e(5). By threatening further collection activity and negative credit reporting, AR RESOURCES threatened action that could not legally be taken given the Plaintiff's pending bankruptcy, which stayed any collection activity.

    b.    AR RESOURCES misrepresented the character, amount, and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A) as the AR RESOURCES Collection Notice request immediate payment in full. *See* Exhibit 3.

    c.    By attempting to collect a debt subject to the automatic stay, AR RESOURCE's debt collection was not permitted by applicable law and therefore violated 15 U.S.C. § 1692f(1).

    d.    AR RESOURCES violated 15 U.S.C. 1692f by using unfair or unconscionable means to collect the alleged debt. The Bankruptcy Code prohibits preferential payments of creditors and AR RESOURCES sought preferential payment. Each of Plaintiff's unsecured creditors is entitled to receive its pro rata share of any distribution through the Chapter 13 case, which is often only a small percentage of any given unsecured claim. By attempting to receive a distribution greater than its pro rata share, the AR RESOURCES Collection Notice violated 15 U.S.C. 1692f as an unfair or unconscionable means to collect the alleged debt.

29.   AR RESOURCES violated multiple provisions of the FDCPA as outlined above. Accordingly, AR RESOURCES is liable to Plaintiff for actual damages, statutory damages, and reimbursement of attorney fees and costs associated with the filing of this action.

### COUNT II – FCCPA VIOLATIONS – AR RESOURCES

30.   The FCCPA applies given that: (1) the underlying debt was a consumer debt as defined by FCCPA Section 559.55(1), as the money relating to the underlying debt transaction

was used for personal, family or household purposes; (2) Plaintiff is a consumer as defined by FCCPA Section 559.55(2), as Plaintiff is a person obligated to pay a consumer debt; and (3) AR RESOURCES is a debt collector as defined by FCCPA 559.55(6), as AR RESOURCES is a person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and AR RESOURCES does not fall within any of the enumerated exceptions to the definition of a debt collector listed under Section 559.55(6).

31. As outlined above, Plaintiff filed Chapter 13 bankruptcy and provided notice to AR RESOURCES.

32. As outlined above, AR RESOURCES attempted to collect a pre-petition debt by sending Plaintiff a collection notice several months after being notified of Plaintiff's bankruptcy.

33. AR RESOURCES violated the FCCPA. Its violations include, but are not limited to:

   a. AR RESOURCES contacted Plaintiff directly when AR RESOURCES knew that Plaintiff all the while was represented by an attorney in connection with the debt and such attorney was readily accessible, thereby violating § 559.72(18) of the FCCPA. AR RESOURCES knew of the Plaintiff's bankruptcy case and that Plaintiff was represented by counsel in connection with the debt.

   b. AR RESOURCES received notice of the bankruptcy. *See* Exhibit 2. The Section 341 Notice in Plaintiff's bankruptcy case identified Bryan K. Mickler as bankruptcy counsel.

   c. AR RESOURCES attempted to receive immediate and full payment for a debt that was known to be subject to discharge, thereby violating § 559.72(9) of the FCCPA. AR RESOURCES knew of the Debtor's bankruptcy and that collection of the

debt was prohibited by the Bankruptcy Code.

34. Pursuant to Florida Statute § 559.77, AR RESOURCES is liable to Plaintiff for actual damages, statutory damages, and reimbursement of attorney fees and costs associated with the filing and prosecution of this action.

### COUNT III – FCCPA VIOLATIONS – FCPNF

35. The FCCPA applies given that: (1) the underlying debt was a consumer debt as defined by FCCPA Section 559.55(1), as the money relating to the underlying debt transaction was used for personal, family or household purposes; (2) Plaintiff is a consumer as defined by FCCPA Section 559.55(2), as Plaintiff is a person obligated to pay a consumer debt; and (3) FCPNF is a "person" subject to liability for violating the prohibited practices outlined under FCCPA Section 559.72.

36. As outlined above, FCPNF attempted to collect a pre-petition debt by sending Plaintiff a collection notice several months after being notified of Plaintiff's bankruptcy.

37. FCPNF violated the FCCPA. Its violations include, but are not limited to:

   d. FCPNF contacted Plaintiff directly when FCPNF knew that Plaintiff all the while was represented by an attorney in connection with the debt and such attorney was readily accessible, thereby violating § 559.72(18) of the FCCPA.

   e. FCPNF knew of the Plaintiff's bankruptcy case and that Plaintiff was represented by counsel in connection with the debt.

   f. FCPNF received electronic notice of the bankruptcy. *See* Exhibit 2. The Section 341 Notice in Plaintiff's bankruptcy case identified Bryan K. Mickler as bankruptcy counsel.

38. Pursuant to Florida Statute § 559.77, FCPNF is liable to Plaintiff for actual

damages, statutory damages, and reimbursement of attorney fees and costs associated with the filing and prosecution of this action.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully prays for (i) declaratory judgment in favor of Mr. Metz finding AR RESOURCES violated the above stated provisions of the FDCPA and FCCPA; (ii) declaratory judgment in favor of Mr. Metz finding FCPNF violated the above stated provisions of the FCCPA; (iii) judgment in favor of Mr. Metz awarding actual, statutory, and punitive damages; (iv) an award equal to any and all attorney fees and costs associated with bringing this action; and (v) any and all other relief that the Court deems necessary and just.

The Plaintiff demands a jury trial on all issues so triable.

DATED this 10th day of December, 2015.

Law Offices of Mickler & Mickler

By: /s/ Taylor J. King
TAYLOR J. KING
Attorney for Plaintiff
5452 Arlington Expressway
Jacksonville, Florida 32211
(904) 725-0822\FAX 725-0855
Florida Bar No. 72049
tjking@planlaw.com